THIRD DIVISION
May 30, 2007

No. 1-06-2198

| | | |
|---|---|---|
| THE CITY OF CHICAGO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ERIN C. DRISCOLL, | ) | |
| | ) | No. 05 M1 651407 |
| Defendant- Appellee | ) | |
| | ) | |
| | ) | |
| (The City Of Chicago Department Of Administrative | ) | |
| Hearings, | ) | Honorable |
| | ) | Edna Turkington, |
| Defendant). | ) | Judge Presiding. |
| | ) | |

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff City of Chicago (City) appeals from an order of the circuit court on administrative review upholding the determination of the City of Chicago Department of Administrative Hearings that defendant Erin C. Driscoll did not violate the Chicago Municipal Code (Code) by failing to display a City of Chicago vehicle sticker (city

sticker) on her vehicle. On appeal, the City contends that Driscoll was required to display a city sticker on her vehicle because she resided in Chicago and was the registered owner of the vehicle. For the following reasons, we reverse the order of the circuit court.

On November 4, 2004, Driscoll's car was parked at 1701 South Michigan Avenue in Chicago and was ticketed for failing to display a city sticker. The ticket indicated that the car was registered to Driscoll, who resided at 211 East Ohio Street in Chicago. Driscoll contested the ticket by mail and contended in an attached letter that the vehicle was "registered" to the City of Highland Park and displayed a Highland Park city sticker. The return address on Driscoll's letter was a post office box in Highland Park. Driscoll's letter also indicated that she had been ticketed for the same violation in 2001 and the ticket had been dismissed because her vehicle displayed a Highland Park city sticker. In February 2005, an administrative law officer ruled against Driscoll, finding that because she lived in Chicago, her vehicle required a city sticker. Driscoll filed a complaint in the circuit court of Cook County for administrative review. The court reversed the determination of the administrative law officer and remanded the cause for a new hearing. Upon remand, a hearing was held before a different administrative law officer in December 2005. The officer found in favor of Driscoll and dismissed the ticket. The City filed a complaint for judicial review, and the circuit court affirmed the dismissal of the ticket. The City now appeals.

Initially, we note that the parties disagree as to the appropriate standard of

2

review. The City contends that the interpretation of an ordinance is a question of law and should be reviewed *de novo*. Driscoll, who appears *pro se*, contends that because there are facts in dispute, we should review the administrative law officer's determination pursuant to the manifest weight of the evidence standard. Here, however, the facts are not in dispute. The only issue is the interpretation of the provisions of the Code relating to city stickers. Because an issue of statutory construction raises a question of law, our review is *de novo*. Lucas v. Lakin, 175 Ill. 2d 166, 171 (1997).

Section 9-64-125 of the Chicago Municipal Code provides in part:

"Display of license.

No person shall park or stand on any portion of the public way * * * any vehicle requiring a license pursuant to Chapter 3-56 of this code, unless the license is displayed as required by Section 9-76-170 of this code." Chicago Municipal Code §9-64-125 (2006).

Section 3-56-020 of the Code provides in part:

"License required.

It shall be unlawful for any motor vehicle owner residing within the city to use, or to cause or permit any of the owner's agents, employees, lessees, licensees or bailees, to use, any motor vehicle or any other vehicle upon the public ways of the city or upon any city-owned property, unless such vehicle is licensed as provided in this chapter.

* * *

The owner of a motor vehicle or any other vehicle who resides in the city but maintains a situs or base of such vehicle located outside of the city shall be entitled to a credit against the appropriate license fee provided for herein in the amount of any wheel tax license fee paid for such vehicle to the municipality where such vehicle is based; provided, however, that in no event shall the license fee be reduced to an amount less than the wheel tax license fee for passenger automobiles." Chicago Municipal Code §3-56-020 (2006).

Here, as a resident of Chicago, Driscoll was required to purchase a city sticker for her vehicle. Pursuant to section 3-56-020, the vehicle owner's residence determines the need for the sticker. That section provides that if the vehicle owner resides within the city, the vehicle must display a city sticker. Driscoll has never contested that she resided in Chicago or that she was the registered owner of the vehicle. Whether the vehicle is based within the city limits does not determine whether the vehicle must display a city sticker. Section 3-56-020 does provide that a vehicle that is based outside of the city is entitled to a credit against any fee paid to a municipality where the vehicle is based, but the vehicle is still required to display a city sticker. Therefore, Driscoll's contention that her vehicle did not need a city sticker because it displayed a Highland Park city sticker must fail.

Driscoll further contends that collateral estoppel precludes the City from relitigating this issue. She maintains that this same issue was already litigated in 2001

when she received a ticket for the same violation, which was subsequently dismissed. However, Driscoll's argument is no more than a self-serving assertion that the same issue was actually litigated in 2001 and she neither provides any citation to the record to support her assertion, nor can we determine from the record before us whether the same issue was actually litigated before. Without more, we are unable to address her contention and therefore reject it.

Accordingly, we reverse the order of the circuit court and remand the cause to the City of Chicago Department of Administrative Hearings to enter an order consistent with these proceedings.

Reversed and remanded.

THEIS, P.J., and CUNNINGHAM, J., concur.